3S

United States District Court
Southern District of Texas
ENTERED

JAN 2 0 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

JAVIER YBARRA                          §
                                       §
VS.                                    §          CIVIL ACTION NO. B-98-018
                                       §
SAN BENITO POLICE DEPARTMENT,          §
OFFICER MORENO, CHIEF OF SAN           §
BENITO POLICE, AND CITY COUNSEL        §
OF SAN BENITO, TEXAS                   §

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the court is the following motion:

San Benito Police Department, Officer Jorge L. Moreno, Chief of San Benito Police and

City Counsel of San Benito, Texas, Motion for Summary Judgment (Docket No. 29).

## BACKGROUND

Javier Ybarra ("Ybarra"), presently serving a life sentence for the attempted capital murder

of his wife and three of her family members, filed a pro se § 1983 action against the above named

defendants.  Counsel was appointed to represent Ybarra.  Plaintiff's Second Amended Complaint

(Docket No. 27) is the live pleading in this case.  In that pleading, Ybarra claims that he is

entitled to recover damages for injuries he claims arose from the use of excessive force by Officer

Moreno of the San Benito Police Department on September 26, 1996, after his arrest on the

charges which ultimately led to his being sentenced to life imprisonment.  Ybarra claims that after

he was arrested and while he was strapped to a bed in the San Benito City jail, Officer Moreno

kneed him in the ribs.  Ybarra seeks to recover damages for violation of his Fourth and Fourteenth

amendment rights pursuant to 42 U.S.C. § 1983.  Ybarra also seeks damages for state law torts

of assault and battery.

Although not raised by the Defendants in their Motion for Summary Judgment, it is axiomatic that the San Benito Police Department and "The City Counsel of San Benito, Texas"[1] are not proper parties. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313-315 (5th Cir. 1991). The proper party is the City of San Benito, Texas.

## YBARRA'S ALLEGATIONS

Ybarra claims that he was arrested by officers of the San Benito, Texas, Police Department on September 26, 1996. These officers attempted to obtain a confession from Ybarra. When he refused to confess, he was strapped to a bed in the jail and told that he was being restrained to avoid injuring himself.

Ybarra alleges that after he asked to have the strap around his chest loosened Officer Moreno kneed him in the chest. As a result of this action, Ybarra suffered a broken rib.

Ybarra claims that he was first taken to Dolly Vinsant Hospital in San Benito then to the Cameron County Jail which refused to book him because he was injured. According to Ybarra, unnamed officers were assaulting him out of frustration because he would not confess.

## THE DEFENDANTS ALLEGATIONS

According to the Defendants, after his arrest on the attempted murder charge, he was suicidal and had to be restrained to avoid injuring himself.

---

[1]     The Court presumes that this is a spelling error and that Ybarra did not mean to sue the city attorney, but the City Council.

The Defendants first argue that there are no genuine issue of material fact, thus summary judgment is appropriate on all of Ybarra's claims.

Their second argument is that Ybarra, as a pretrial detainee cannot recover under both the Fourth and Fourteenth Amendments. They claim that Ybarra's only cause of action is under the due process clause of the Fourteenth Amendment.

Officer Moreno and Chief of Police Richard Clark raise the defense of qualified immunity.

The Chief of Police and the City of San Benito seek dismissal on the grounds that Ybarra has not shown any unconstitutional policy or procedure. The City also argues that it cannot be vicariously liable for the acts of its employees not committed in pursuance of an official policy or procedure.

With respect to Ybarra's state law claims, the defendants argue that police officers are entitled to use reasonable force to subdue prisoners, like Ybarra, who threaten suicide.

### RECOMMENDATION

It is clear that at the time of the incident which made the basis of this suit, Ybarra was a pretrial detainee. He had been arrested, he was in custody and he was in a jail cell. These are the factors the Fifth Circuit has used to define the status of pre trial detainee. *Valencia v. Wiggins*, 981 F.2d 1440 (5th Cir. 1993), *cert. denied*, 509 U.S. (1993); *Brothers v. Klevenhagen,* 28 F.3d 452, 456 (5th Cir. 1994).

The Defendants have attached to their Motion for Summary Judgment affidavits from Officer Moreno, Chief of Police Richard Clark, Officer Garcia of the San Benito Police

Department and the Records Custodian for the San Benito Police Department, Hermelinda Shumate.

These affidavits show that after his arrest on September 26, 1996, Ybarra was suicidal and needed to be restrained.

Ybarra claims that Officer Moreno put his knee on his chest. Ybarra's medical records from Brownsville Medical Center dated October 4, 1996, show that Ybarra in fact had a broken rib. Ybarra denies that he ever threatened to commit suicide and that he was combative. Ybarra claims that the police restrained him because he would not confess.

Ybarra has pointed to no policy, practice or procedure which would make the City of San Benito liable to him under 42 U.S.C. § 1983. *City of Canton v. Harris*, 489 U.S. 378, 385-387 (1989).

With respect to qualified immunity, the affidavits in this case raise a fact issue with respect to Officer Moreno's conduct which cannot be resolved by Summary Judgment. *Brumfield v. Jones*, 849 F.2d 152,155 (5th Cir. 1988). If a fact finder were to believe Ybarra, then Officer Moreno's conduct in placing his knee on Ybarra's chest would violate Ybarra's due process rights. *Valencia, supra*. It could just as well be the case that Ybarra's rib was broken while the officers were attempting to restrain him from injuring himself.

IT IS THEREFORE **RECOMMENDED** that the Summary Judgment Motion filed by the City of San Benito Defendants be **GRANTED** and the Claim of Qualified Immunity filed by Officer Moreno be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served

4

with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 20th day of January 2000.

John Wm. Black
United States Magistrate Judge